## LEONARD FARMER *v.* CALVIN HOWARD.

**Attorney and Client.**

It is not within the legitimate professional duties of an attorney at law, within his employment to defend one charged with a crime, to persuade witnesses against defendant not to appear against such defendant.

### APPEAL FROM HARLAN CIRCUIT COURT.

January 20, 1876.

OPINION BY JUDGE LINDSAY:

The appellee by his answer denied that he employed appellant to defend him, and also denied that he did render any legal services in his defense. It may be conceded that the proof preponderates in favor of the alleged employment, but it does not show, outside of the testimony of appellant, that any services were rendered.

Appellant swore that he was present when the defendant was arrested for perjury; that he defended the said Howard; that he got the most important witness against the defendant not to appear against said defendant at the request of the defendant, he knowing from his statements that the proof would show the defendant guilty; that he did not bribe the witness, but got him not to prosecute the case any further.

The services thus rendered were doubtless beneficial to the appellee, but it strikes this court that they do not fall within the legitimate professional duties of an attorney-at-law, who is an officer of

the courts in which he practices and a quasi officer of the law, and who acts in all things connected with his profession, under an oath that he will faithfully execute to the best of his ability the office of attorney according to law.

Appellant insists in his brief that the court below ought not to have compelled him to answer the questions which brought out the foregoing statements. He was a voluntary witness in his own behalf. The matter sought to be proved was germane to the issue on trial. The only ground upon which he could have been excused from answering was that he would be compelled thereby to disclose the fact that he had violated the law, or committed a breach of professional duty. If he considered that he had done either of these things and had declined to answer on that ground, we have no doubt the circuit judge would have excused him.

The verdict of the jury is not palpably against the weight of the evidence, but if it were, as the testimony of the appellant shows, that instead of asking the courts to assist him in obtaining the reward promised for the services he swears he rendered, he should be content to have them let the latter rest where it now is.

The judgment must be *affirmed*.

*L. Farmer, for appellant.   John Disham, for appellee.*